# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JULIAN E. ROCHESTER, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-1482-TWT-GGB |
| G.B. TJOFLAT, et al., | : | |
| Defendants. | : | |

## FINAL REPORT AND RECOMMENDATION

Plaintiff has submitted the instant civil action without submitting the $350.00 filing fee, and I find that he is not entitled to proceed *in forma pauperis*. According to Subsection (g) of 28 U.S.C. § 1915, a prisoner is prohibited from bringing a civil action in federal court *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Court records reflect that Plaintiff has filed at least three civil complaints that were dismissed prior to service of process as frivolous under 28 U.S.C. § 1915. *See Rochester v. U.S. Postal Services*, Civil Action No. 1:07-CV-0502-NCT-WWD

(M.D. N.C. 2007); *Rochester v. State of South Carolina*, Civil Action No. 2:03-CV-2057-HMH-RSC (D. S.C. 2003); and *Rochester v. United States District Court for Northern District of Georgia*, Civil Action No. 2:02-CV-3802-HMH (D. S.C. 2002). Furthermore, Plaintiff's rambling allegations in his complaint, wherein he sues several judges because of some type of "conspiracy," do not show that he is "under imminent danger of serious physical injury."

According to the Eleventh Circuit, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g). The prisoner . . . must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). *See also Simmons v. Zloch*, 148 F. App'x 921, 922 (11th Cir. 2005) (citing to *Dupree* and affirming denial of *in forma pauperis* motion and dismissing complaint under § 1915(g) because there was no evidence that the plaintiff paid the filing fee at the time he initiated suit or that he was in imminent danger of serious physical injury).

Based on the foregoing, **I RECOMMEND** that leave for Plaintiff to proceed *in forma pauperis* be **DENIED** and that the instant action be **DISMISSED WITHOUT PREJUDICE**.

AO 72A
(Rev.8/82)

**I FURTHER RECOMMEND** that Plaintiff's motion for clarification of the recusal order [Doc. 5] be **DENIED** as moot.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED** this  20th  day of  July , 2012.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)